UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DAVID O'NEILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:16 CV 597 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | | |
| Respondent. | | |

## OPINION AND ORDER

David O'Neill, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 15-07-331) held at the Miami Correctional Facility on August 13, 2015. The Disciplinary Hearing Officer (DHO) found him guilty of Use/Possession of a Controlled Substance in violation of B-202 and sanctioned him with the loss of 30 days earned credit time. In the petition, O'Neill lists four grounds.

In Ground One, he argues that there was insufficient evidence to have found him guilty because there is conflicting evidence about whether he signed an admission of guilt form. However, it is irrelevant whether he signed the form or not. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our

province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here. The Conduct Report states that "O'Neil provided an adequate sample to be tested in the ICUP Testing Device. I, Sgt. King then applied the Redi Test Single Panel Dip Test for Suboxone. The test result was positive for Suboxone in the sample." DE 1-1 at 1. That is some evidence that O'Neill was guilty of using a controlled substance. Therefore Ground One is not a basis for habeas corpus relief.

In Ground Two, he argues that he was denied evidence. Specifically he wanted paperwork from another inmate's disciplinary hearing which contained his signature. In a prison disciplinary hearing, an inmate has a constitutional right to present relevant, exculpatory evidence. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). O'Neill argues that he mistakenly signed a drug test form from another inmate's test. However, such paperwork would not have been exculpatory because it would have done nothing to undermine the reliability of his drug test results. Moreover, this paperwork was not withheld from him – it could not be found. Therefore even if the requested paperwork had been exculpatory, it could not have been produced at his hearing. Ground Two is not a basis for habeas corpus relief.

In Ground Three, he argues that he was denied due process because he was not given a copy of the drug test results in violation of prison policy. However, the violation of a prison policy is not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Here, the DHO did consider the test results (DE 1-1 at 3), and "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . .." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Moreover, the denial of evidence is harmless unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Here, O'Neill does not argue that he passed the test. He only says that he wanted to see the paperwork showing that he failed. That would not have aided his defense. Therefore Ground Three is not a basis for habeas corpus relief.

In Ground Four, he argues that there was a violation of the chain of custody because he signed the drug test form for another inmate. However, "[a]bsent some affirmative indication that a mistake may have been made, [the] hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). Here, there is no indication that his urine sample was not the one that tested positive for Suboxone. There is only evidence that he mistakenly signed the wrong paperwork. That is not a basis for habeas corpus relief.

3

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case.

**SO ORDERED.**

Date: September 19, 2016

s/ James T. Moody                    _
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT